Shaw, C. J.
To an action of debt on the judgment of a justice of the peace, rendered July 27, 1827, the defendant pleads the statute of limitations as a defence.
From the evidence stated in the bill of exceptions, uncontrolled by any rebutting evidence with reference to which the instructions were given, we are to assume that the defendant left the commonwealth, soon after the judgment, and has never since been within it.
Although so long a time has elapsed since the judgment of the justice was rendered, it appears to us that the action is not barred by the statute of limitations.
It appears to us quite clear, that the action was not barred by the old statute of 1786, c. 52, because that statute did not include actions of debt on any judgments. Such actions, on judgments of courts not of record, were first brought within the statute bar by the revised statutes; and this has been held to include judgments of justices of the peace. Smith v. Morrison, 22 Pick. 430.
It is very clear, therefore, that the action was not barred by any limitation, when the revised statutes went into operation, as it might have been, if the statute of 1786, had extended the six years limitation to justices’ judgments. Wright v. Oakley, 5 Met. 400; Brigham v. Bigelow, 12 Met. 268.
We must, then, resort to the revised statutes, to determine whether this action is barred. The marked difference between the rule adopted under the statute of 1786, following the English rule, and that prescribed under the revised statutes, is this; if the defendant is within the commonwealth, at or after the time when the cause of action accrued, the term of six years limitation commences, and would continue to run, although the defendant afterwards absented himself and resided out of the state. Whereas, the Rev. Sts. c. 120, § 9, expressly provides, that if, after any cause of action shall have accrued, the person, &c. shall be absent from, and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the suit.
Under this rule, assuming the fact as we suppose it was, that Deming was in the state when the judgment was rendered, in *529 1826, or 1827, if the statute had applied, the cause of action would have accrued, and the term of limitation begun to run at that time, and more than six years having elapsed, notwithstanding the defendant’s absence from the state a great part of the time, the action would have been barred in 1836, when the revised statutes took effect. But the statute did not apply, and for that reason the action was not barred.
Is it then barred by the limitation created by the combined acts ? By the repealing act, passed February 20,1836, which repealed in terms all the acts revised and consolidated in the revised statutes, it is provided, § 4, that in any case, when any limitation shall have begun to run, and the same or any similar limitation is prescribed in the revised statutes, the time of limitation shall continue to run, and shall have the like effect as if the whole period had begun and ended under the operation of the revised statutes.
The effect of this statute is, in computing the time of limitation, to combine both periods together, as well that which occurred before, as that which occurred after the revised statutes went into operation. The result of these provisions, as we understand them, was expressed in Wright v. Oakley, 5 Met. 400, 406, and is confirmed by subsequent decisions. “ In practical operation and effect, they are rather to be considered as a continuance and modification of old laws, than as the abrogation of those old, and the reenactment of new ones.”
Taking the rule, that both terms are to be connected as if it were one entire term, how would it apply to this case ? "We are of opinion, that the rule of the revised statutes deducting from the time of the limitation all that portion of time during which the defendant was absent from and resident out of the state, must be applied to the whole term, as well that which elapsed before, as that which elapsed after the statute took effect. Darling v. Wells, 1 Cush. 508.
The defendant, then, having been absent and resided out of the state the whole time since 1828, it is clear that he is within the exception of Rev. Sts. c. 120, § 9, and the statute bar does not apply. It is stated in the bill of exceptions, that *530 there was evidence tending to show, not only that the defendant had not been in the commonwealth since 1828, but that he had left no property except an equity of redemption, which had been seized and sold to satisfy the execution of another creditor. No stress seems to have been laid on this circumstance by the judge on the trial, nor has it been mentioned in the argument. And we mention it now, only for the purpose of saying that we consider it of no importance, and lest it might be supposed to have some influence in the decision. The exception in the statute is not made to depend on the fact, whether the debtor has left property in the state, attachable or otherwise ; but it is absolute, and directs that the time of the debtor’s absence arid residence out of the state, shall not be computed as part of the term of limitation.

Exceptions overruled.